the jurors, and they had grown to like him; and 5) counsel provided ineffective assistance by failing to investigate appellant's assertions that he had an alibi defense and a witness who had seen that appellant had been dropped off in town on the night of the murder.

When an accused presents a motion for new trial raising matters not determinable from the record, which could entitle him to relief, the trial judge abuses his discretion in failing to hold a hearing.[45] The motion must, however, be supported by affidavit specifically showing the truth of the grounds of attack.[46] Otherwise, general entitlement to a hearing could lead to "fishing expeditions." [47]

None of appellant's bare assertions establish facts entitling him to a new trial. For instance, he provided no support for his allegation that his conviction was contrary to law. The motion and affidavit explain neither who threatened Birnbaum nor what Birnbaum's testimony would have been. These allegations were insufficient to allow the trial court to determine whether Birnbaum's testimony would have been material to any issue in the case. Appellant also failed to explain what right he had to pass notes to other inmates in the jail or what material defensive information was intercepted. Further, appellant's allegation that the jury was fond of the bailiff does not establish improper influence. Finally, appellant did not allege what further investigation counsel should have conducted, who his alleged alibi witness was, or how an alibi defense could have been persuasive given the physical evidence and appellant's own statements connecting him with the crime. We hold, therefore, that appellant has failed to establish that the trial court erred in re-

fusing to hold a hearing.[48] Appellant's eighth point of error is overruled.

Finding no reversible error, we affirm the judgment of the trial court.

**In re K.C.A., Relator.**

**No. 05–98–01573–CV.**

Court of Appeals of Texas, Dallas.

Sept. 25, 1998.

Before MORRIS and MOSELEY, Justices.

### OPINION AND ORDER

MORRIS, Justice.

The Court **DENIES** relator's September 24, 1998 petition to waive the filing fee on mandamus.

The Court **DENIES** relator's September 24, 1998 petition for writ of mandamus. *See* Tex.R.App.P. 52.8(a); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig.proceeding).

---

45. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim.App.1993).

46. *Id.*

47. *Id.*

48. *See Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App.1994) (holding that trial court did not abuse its discretion in refusing to hold a hearing on a motion for new trial, where the affidavit, alleging ineffective assistance of counsel, was deficient for failing to specify supporting facts).