36 S.W.3d 501 (2000)
In the Matter of K.C.A.
No. 99-0986.
Supreme Court of Texas.
June 22, 2000.
Donald R. Scoggins, Dallas, for Petitioner.
William T. Hill, Dallas County Crim. Dist. Attys. Office, Kenneth Jefferson, Dallas County Dist. Attys. Office, Dallas, for Respondent.
PER CURIAM.
The issue in this case is whether a minor must file an affidavit of indigence as prescribed in Texas Rule of Appellate Procedure 20.1 as a predicate to being declared indigent for purposes of appealing an adjudication of delinquency. The court of appeals held that such an affidavit is required. 29 S.W.3d 569. Because we conclude to the contrary, we grant the petition and, without hearing oral argument, remand the case to the court of appeals to consider the merits of the appeal of the trial court's finding that the minor is not indigent.
In pre-trial proceedings, the trial court conducted a hearing on K.C.A.'s motion that the cost of preparing the transcript of the record from a preliminary hearing be paid from county funds. At this first hearing to determine indigence, K.C.A.'s father testified as to various aspects of his financial situation, including that he had hired an attorney to represent K.C.A. at trial, had used a lump-sum disability payment in the amount of $10,450 to pay for that representation, that his funds were exhausted, and that he was on permanent disability leave without pay. The trial court found that K.C.A. was not indigent and denied K.C.A.'s motion.
*502 The case proceeded to trial. K.C.A. was adjudicated delinquent for committing the offense of murder and ordered confined for twenty years as a child engaged in delinquent conduct. K.C.A. filed a notice of appeal and an "Indigency Notice to the Court," stating that he and his family were indigent and unable to retain appellate counsel or pay costs of the appeal. K.C.A. did not file an affidavit as required by Rule 20.1. Tex.R.App. P. 20.1(a)(1). Nevertheless, the district clerk timely contested K.C.A.'s indigence assertion.
A visiting judge sitting by assignment conducted the second hearing to determine indigence. K.C.A.'s mother testified that "we" could not afford K.C.A.'s lawyer, that K.C.A.'s father was unemployed, that she was in a drug rehabilitation program and on drug-related probation in two counties, and that they therefore asked for a court-appointed attorney. She also testified that she did not expect K.C.A.'s father to appear for the hearing because he had an outstanding warrant for his arrest. The trial court sustained the district clerk's contest, ruling that K.C.A. was not indigent and would have to bear his own costs on appeal.
K.C.A. petitioned the court of appeals for a writ of mandamus, which was denied. This Court also denied mandamus but, by letter, gave instructions to proceed as in In re Arroyo, 988 S.W.2d 737, 738-39 (Tex. 1998) (per curiam) (consolidating In re Arroyo and In re Holloway, and holding that when reviewing an order sustaining a contest to an affidavit of indigence, the court of appeals should require the clerk and court reporter to prepare and file the portions of the record necessary to review the order). After an "In re Holloway motion to consider indigence" was filed in the court of appeals on January 21, 1999, that court ordered the district clerk and court reporter to prepare transcripts of the two indigence hearings conducted by the trial court. 29 S.W.3d 569. The court of appeals then affirmed the trial court's denial of K.C.A.'s motion to be declared indigent because "appellant's ability to proceed [on appeal] without payment of costs was contingent, among other things, on his filing a timely affidavit of indigence meeting rule 20.1(b)'s requirements." Id.. K.C.A. filed a petition for review in this Court. His trial counsel has moved to withdraw, and now notes on communications with this Court that he is representing K.C.A. pro bono.
Rule 20.1 requires that "the party" appealing in a civil case file an affidavit of indigence in order to proceed on appeal without advance payment of costs. Tex. R.App. P. 20.1(a)(1). It also details the procedures whereby a district clerk may challenge the alleged indigence. Id. § 20.1(e). But K.C.A. argues, and we agree, that Rule 20.1 does not control the requirements for determining indigence in this case. Instead, Family Code provisions apply.
First, the Family Code provides that juveniles have the right to appeal orders of a juvenile court in cases such as this in which a child is found to have engaged in delinquent conduct. See Tex. Fam.Code §§ 56.01(c)(1)(A), 54.03(a). Additionally, in determining whether a juvenile is indigent, the court may consider the assets and income of the child and the child's parent(s), and can order a parent to pay these costs. See id. § 56.01(l),(m). Finally, section 56.02, entitled "Transcript on Appeal," provides for indigent appeals as follows:
The juvenile court shall order the reporter to furnish a transcription without charge to the attorney if the court finds, after hearing or on an affidavit filed by the child's parent or other person responsible for support of the child that the parent or other responsible person is unable to pay or to give security therefor.
Id. § 56.02(b) (emphasis added).
The plain language of section 56.02 allows the indigence determination to be based on either (1) a hearing or (2) an affidavit "by the child's parent[s]." Id. *503 § 56.02(b). Rule 20.1, on the other hand, requires that "the party" must provide the information by affidavit. Tex.R.App. P. 20.1(a)(1).
In In re M.R., 858 S.W.2d 365, 366 (Tex.1993) (per curiam), cert. denied sub nom., M.R. v. Texas, 510 U.S. 1078, 114 S.Ct. 894, 127 L.Ed.2d 87 (1994), we concluded, based on the language of Title 3 of the Family Code, that the Texas Rules of Civil Procedure do not apply when they conflict with applicable provisions of the Family Code. Here, requiring K.C.A. to file an affidavit as required by Rule 20.1 would constrict Family Code section 56.02(b)'s express allowance for the indigence determination to based on either a hearing, as in this case, or an affidavit. We conclude that because the Family Code allows an indigence finding to be predicated on either a hearing or an affidavit filed by a child's parent, a Rule 20.1 affidavit is not required, and a hearing will suffice.
Our conclusion is buttressed by the fact that the rationale underlying the affidavit requirement of Rule 20.1 is not applicable in juvenile court proceedings. Rule 20.1 requires detailed affidavits in order to allow the court reporter and district clerk to decide whether to object to the filing and to prepare for that hearing. Tex.R.App. P. 20.1(b). To this end, Rule 20.1 provides that notice of an affidavit be given to the district clerk and the court reporter, allowing either of them to contest the affidavit. Id. § 20.1(d)-(e). If the party is ruled indigent, the court reporter is ordered to produce the transcript without prepayment, see id. § 20.1(j), and the rule does not expressly provide for payment unless the appealing party is subsequently able to pay. See id. § 20.1(l). In contrast, under the Family Code, the court reporter is not given any express right to object to the indigency proceeding (which occurs regardless of any contest being filed). See Tex. Fam.Code § 56.02. But the Family Code expressly provides that the court reporter will be compensated from county funds if the juvenile is found to be indigent. See id. § 56.02(c). Thus, the court reporter need not decide whether to challenge, and the rationale for applying Rule 20.1 is minimized.
For these reasons, we hold that K.C.A., as a minor appealing a delinquency finding by a juvenile court, is not required to file a Rule 20.1 affidavit of indigence as a predicate to either proving indigence or appealing the trial court's finding of nonindigence. The court of appeals erred in holding to the contrary. Accordingly, pursuant to Rule 59.1 of the Texas Rules of Appellate Procedure, without hearing oral argument, the Court grants K.C.A.'s petition for review, reverses the court of appeals' judgment, and remands the case to that court for further proceedings.