In the Matter of L.P., Appellant.

No. 01–01–00227–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 12, 2001.

David Wayne Moorman, Huntsville, for appellant.

Susan E. Bergman, Huntsville, for appellee.

Panel consists of Chief Justice SCHNEIDER and Justices HEDGES and NUCHIA.

### ORDER

PER CURIAM.

This is an appeal under the Juvenile Justice Code from an order modifying dis-

position and for commitment to the Texas Youth Commission signed on January 5, 2001. It appears that appellant timely filed a request for findings of facts and conclusions of law and a notice of appeal. *See* Tex.R.App.P. 26.1(a)(4). The notice of appeal was filed on March 1, 2001.

However, after any deadline or extended deadline under Tex.R.App.P. 20.1(c)(1), (3) had passed, on May 7, 2001, appellant filed in this Court (not in the trial court), his affidavit of inability to pay cost on appeal. The accompanying letter from counsel stated that he had "neglected to file [the affidavit] with the original documents of Appeal." Were this a regular appeal, and not one under the Juvenile Justice Code, we would be compelled to find that because appellant had failed to comply with rule 20.1(c)(1), (3), he was not entitled to proceed on appeal without advance payment of costs. *See Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex.App.—Amarillo 1998, pet. denied).

However, the Texas Supreme Court has recently held that rule 20.1 does not apply to appeals under the Juvenile Justice Code.[1] *See In the Matter of K.C.A.*, 36 S.W.3d 501, 502 (Tex.2000). Instead, the provisions of the Texas Family Code apply. *Id.* In *K.C.A.*, the supreme court concluded that an indigence finding could be predicated on either a hearing or on an affidavit by the child's parent. *Id.* at 503. We conclude that the appropriate forum for either of these two events is the trial court. *See, e.g., id.* at 503.

We have reviewed the clerk's record and the reporter's record and neither indicates that the trial court determined appellant was entitled to proceed as an indigent on appeal. Accordingly, unless within 30 days of the date of this order, appellant demonstrates to this Court, preferably

with a supplemental clerk's record or reporter's record requested by appellant and filed by the trial court clerk or court reporter, as appropriate, that the trial court has determined he or his parents are unable to pay the costs of an appeal, this Court will be compelled to conclude that appellant is not entitled to proceed in this appeal without advance payment of costs.

Appellant's motion to extend time for filing appellant's brief is granted as follows: Appellant's brief is due 30 days after the date of this order.

It is so **ORDERED.**

---

1. *See* Tex. Fam.Code Ann. § 56.01(*l*) (Vernon Supp.2001), § 56.02(b) (Vernon 1996).