Opinion issued December 27, 2002










In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00673-CV






JERALD JEROME DAVIS, Appellant


V.


JAMES RANDALL SMITH, Appellee






On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 052839






O P I N I O N This is an appeal from a final summary judgment signed on June 4, 2002. 
Notice of appeal was timely filed on June 27, 2002. According to the docketing
statement filed in this Court by appellant, appellant filed an untimely affidavit of
indigence with the trial court clerk on July 11, 2002. See Tex. R. App. P. 20.1(c)(1). 
No motion for an extension of time to file the affidavit of indigence was filed in this
Court. See Tex. R. App. P. 20.1(c)(3). No appellate filing fee has been paid. 
Appellant appears to have requested findings of fact and conclusions of law.

 On July 23, 2002, this Court issued an order that, unless within 15 days of the
date of that order, appellant paid the filing fee, the appeal would be dismissed. The
Court further ordered that, if appellant believed he was entitled to proceed on appeal
without advance payment of costs under Tex. R. App. P. 20.1, appellant was directed
to immediately file a copy of his affidavit of indigence with the trial court clerk's file
stamp, or a certified or sworn copy of a signed order overruling any contest to
appellant's affidavit of indigency. On August 6, 2002, appellant filed in this Court
"Plaintiff's Writ of Mandamus," complaining of the trial court's sustaining a contest
to his affidavit of indigence, which he claims was filed in the trial court on July 5,
2002,after receiving this Court's July 1, 2002 docketing order. 

 Appellant's "Plaintiff's Writ of Mandamus" was docketed upon receipt by the
clerk of this Court as a separate original proceeding, cause no., In re Jerald Jerome
Davis, 2001 Tex. App.(Houston [1st Dist.] August 29, 2002 orig. proceeding). By
separate order issued in that proceeding, we denied appellant's writ of mandamus and
transferred "Plaintiff's Writ of Mandamus" to the appeal file for consideration of the
issue as ancillary to the appeal. See In re B.A.C., 4 S.W.3d 322, 323 n.3 (Tex.
App.--Houston [1st Dist.] 1999) (Order). 

 Having reviewed appellant's petition and considered his complaints, this Court
concluded that appellant was not entitled to proceed on appeal without payment of
costs, because his affidavit of indigency was not timely filed. See In re L.P., 51
S.W.3d 855, 856 (Tex. App.-Houston [1st Dist.] 2001) (Order) (contrasting regular
appeal with one filed under the Juvenile Justice Code and noting, in regular appeal,
court of appeals compelled to find no entitlement to free appeal when affidavit of
indigency filed late).

 On August 29, 2002, this Court ordered as follows:

 Appellant is not excused from payment of the appellate filing fee of
$125. This Court's records do not affirmatively show that appellant has
paid the appellate filing fee. See Tex. R. App. P. 5; Order Regarding
Fees Charged in Civil Cases in the Supreme Court and the Courts of
Appeals, Misc. Docket No. 98-9120 (Tex. Jul. 21, 1998); Tex. Gov't
Code Ann. § 51.207(a) (Vernon Supp. 2002). Unless within 30 days of
the date of this order, appellant pays such filing fee to the Clerk of this
Court, the appeal will be dismissed. See Finley v. J.C. Pace Ltd., 4
S.W.3d 319, 321-22 (Tex. App.- Houston [1st Dist.] 1999) (order);
Negrini v. Smith, Nelson & Clement P.C., 998 S.W.2d 362, 363 (Tex.
App.- Houston [1st Dist.] 1999, no pet.).

 

Thirty days since our August 29, 2002 order have expired and appellant has not paid
the $125 filing fee.

 Accordingly, we dismiss the appeal for want of prosecution. See Tex. R. App.
P. 42.3(b),(c).


PER CURIAM

Panel consists of Justices Nuchia, Jennings, and Radack.

Do not publish. Tex. R. App. P. 47.