167 S.W.3d 938 (2005)
In the Matter of M.A.D., a Juvenile.
No. 10-05-00086-CV.
Court of Appeals of Texas, Waco.
July 27, 2005.
*939 M. Bryon Barnhill, Harker Heights, for appellant.
David A. Castillo, Coryell County Dist. Atty., Gatesville, for appellee.
Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

ABATEMENT ORDER
PER CURIAM.
Counsel for Appellant M.A.D. filed an Anders[1] brief on June 10, 2005. The Clerk of this Court notified M.A.D.'s counsel by letter dated June 13 that the appellant's brief was deficient and that counsel had failed to provide adequate documentation demonstrating compliance with Anders as that case has been construed by the Supreme Court of Texas for juvenile appeals and by this Court.[2] The Clerk directed counsel to file an amended brief and appropriate documentation within fifteen days. To date, counsel has failed to respond. Therefore, we abate this cause to the trial court with instructions to hold a hearing to determine: (1) whether M.A.D. is receiving effective assistance of counsel; (2) whether counsel has abandoned the appeal; and (3) whether M.A.D. still desires to proceed with the appeal. See In re K.J.O., 27 S.W.3d 340, 342 (Tex.App.-Dallas 2000, pet. denied) (a juvenile is entitled to effective assistance of counsel); R.X.F. v. State, 921 S.W.2d 888, 902 (Tex.App.-Waco 1996, no writ) (same); see also TEX.R.APP. P. 38.8(b)(2).
According to section 56.01(b) of the Texas Family Code, "[t]he requirements governing [a juvenile] appeal are as in civil cases generally." TEX. FAM.CODE ANN. § 56.01(b) (Vernon 2002). Rule of Appellate Procedure 38.8(a)(1) provides that an appellate court may dismiss a civil appeal for want of prosecution if the appellant's brief is untimely and the appellant fails to provide a reasonable explanation. However, we decline to follow Rule 38.8(a)(1) because of the liberty interest at stake in a juvenile delinquency appeal. See TEX.R.APP. P. 38.8(a)(2) (when appellant's brief is late, appellate court may "decline to dismiss the appeal and give further direction to the case as it considers proper"); see also In re T.V., 8 S.W.3d 448, 449-50 (Tex.App.-Waco 1999, order) (per curiam) (abating rather than dismissing appeal involving termination of parental rights when appellant's brief was overdue).
If M.A.D. no longer wishes to pursue an appeal, a written dismissal motion must be filed. See TEX.R.APP. P. 42.1(a)(1); see also TEX. FAM.CODE ANN. § 56.01(b).
*940 If the court determines that counsel is unwilling or unable to file a proper brief and the appropriate documentation, the court should appoint other counsel to represent M.A.D.
The trial court shall, within thirty days after the date of this Order: (1) conduct the hearing; (2) cause a court reporter to make a record of the hearing; (3) make appropriate orders and findings of fact and conclusions of law; and (4) deliver any orders and findings of fact and conclusions of law to the trial court clerk. The trial court shall inform M.A.D.'s counsel that a proper brief and any appropriate documentation are due within thirty days after the date of the hearing.
The trial court clerk shall: (1) prepare a supplemental clerk's record containing all orders and findings of fact and conclusions of law which the trial court renders or makes; and (2) file the supplemental clerk's record with the Clerk of this Court within forty-five days after the date of this Order.
The court reporter shall prepare and file a supplemental reporter's record containing a transcription of the hearing within forty-five days after the date of this Order.
Chief Justice GRAY concurring in part with a note.[*]
NOTES
[1] Anders v. Cal., 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] The Supreme Court has held that an Anders brief and accompanying documentation should be "furnished to the juvenile client and the juvenile's parent or guardian. The juvenile would then have the ability to advance his or her appeal through a parent, legal guardian, next friend, or guardian ad litem." In re D.A.S., 973 S.W.2d 296, 299 (Tex.1998) (orig.proceeding). This Court has held that in Anders cases counsel must accompany the Anders brief with documentation indicating that counsel "has provided a copy of the Anders brief to the appellant and fully informed the appellant of the right to review the appellate record and to file a brief or other response." Sowels v. State, 45 S.W.3d 690, 693 (Tex.App.-Waco 2001, no pet.). This Court has also held that an Anders brief must contain a "professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced." Johnson v. State, 885 S.W.2d 641, 646 (Tex.App.-Waco 1994, pet. ref'd) (quoting High v. State, 573 S.W.2d 807, 812 (Tex.Crim.App. [Panel Op.] 1978)).
[*] ("Chief Justice Gray concurs in part. On June 13, 2005 we notified counsel of the deficiencies in the brief filed. Counsel was advised that if the deficiencies were not corrected within 15 days the brief would be struck and the cause abated to the trial court to determine if M.A.D. was receiving the effective assistance of counsel. To the extent this order does that, I join it, but I do not join anything else herein.").