NO. 07-05-0337-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 8, 2005

_____

IN THE MATTER OF D.L.C.
_____

FROM THE COUNTY COURT OF SWISHER COUNTY;

NO. 387; HONORABLE HAROLD KEETER, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant D.L.C., a juvenile, appeals the trial court's Order of Adjudication and Disposition (TYC Committment) which found that D.L.C. had engaged in delinquent conduct and placed him with the Texas Youth Commission for an indeterminate sentence not to exceed his 21st birthday. D.L.C. timely filed a notice of appeal on September 23, 2005. By letter, dated September 26, this court notified D.L.C. that the $125 filing fee had not been paid. In response, on October 10, D.L.C. filed with this court Appellant's Motion for Extension of Time to File Appeal Fee and an Affidavit of Inability to Pay Costs.

Section 56.01(b) of the Texas Family Code provides that the requirements governing a juvenile appeal are as in civil cases generally. TEX. FAM. CODE ANN. § 56.01(b) (Vernon 2002). Texas Rule of Appellate Procedure 20.1(c)(1) and (3)[1] requires that an affidavit of indigence be filed in the trial court with or before the notice of appeal, but allows the appellate court to extend the deadline if, within 15 days of the filing of the notice of appeal, the appellant files a motion to extend time that complies with Rule 10.5(b). Were this a regular appeal, we would be compelled to find that, because appellant had failed to comply with Rule 20.1(c)(1) and (3), he was not entitled to proceed on appeal without advance payment of costs. See Holt v. F.F. Enters., 990 S.W.2d 756, 759 (Tex.App.–Amarillo 1998, pet. denied). However, the Texas Supreme Court has held that Rule 20.1 does not apply to appeals under the Juvenile Justice Code. See In the Matter of K.C.A., 36 S.W.3d 501, 502 (Tex. 2000). Rather, the provisions of the Texas Family Code apply and a finding of indigence can be predicated on either a hearing or an affidavit by the child's parent. Id. at 503. The appropriate forum for such a determination is the trial court. In the Matter of L.P., 51 S.W.3d 855, 855 (Tex.App.–Houston [1st Dist.] 2001, no pet.) (citing In the Matter of K.C.A., 36 S.W.3d at 503).

Therefore, we abate the appeal and remand the matter to the trial court. Upon remand, the judge of the court shall immediately cause notice to be given of and conduct a hearing to determine whether the juvenile is indigent.

---

[1]Further reference to Texas Rules of Appellate Procedure will be by reference to "Rule __."

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental reporter's record. These supplemental records shall be submitted to the clerk of this court no later than December 5, 2005.

Per Curiam