195 S.W.3d 886 (2006)
In the Matter of A.G., A Juvenile.
No. 10-06-00107-CV.
Court of Appeals of Texas, Waco.
July 26, 2006.
Phyllis J. Beal, Attorney At Law, San Antonio, for Appellant/Relator.
Azaria Garcia, San Antonio, pro se.
Susan D. Reed, Bexar County District Atty., San Antonio, for Appellee/Respondent.
Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

ABATEMENT ORDER
PER CURIAM.
A.G.'s retained appellate counsel has filed a motion to withdraw. Because it is unclear at this juncture whether A.G. and his parent are presently indigent, we will abate this appeal pending a hearing in the trial court to determine whether A.G. is indigent. We will withhold a ruling on counsel's motion to withdraw until this issue has been resolved.
Counsel's motion complies with the requirements of Rule of Appellate Procedure 6.5 and appears to be meritorious. See TEX.R.APP. P. 6.5. In addition, counsel served a copy of the motion on A.G.'s parent.[1]See In re D.A.S., 973 S.W.2d 296, 299 (Tex.1998) (orig. proceeding) (when counsel files motion to withdraw with Anders brief in juvenile delinquency appeal, the motion and brief should be "furnished to the juvenile client and the juvenile's parent or guardian"); In re M.A.D., 167 S.W.3d 938, 939 n. 2 (Tex.App.-Waco 2005, order) (per curiam) (same). However, the *887 granting of counsel's motion would leave A.G. without representation.
A juvenile has a statutory right to counsel on appeal. TEX. FAM.CODE ANN. § 56.01(d)(2) (Vernon 2002); see also D.A.S., 973 S.W.2d at 298. If the juvenile and his parents or guardians are indigent, the juvenile is entitled to (1) court-appointed counsel on appeal; and (2) preparation of the clerk's and reporter's records without charge. See TEX. FAM.CODE ANN. § 56.01(d)(3), (m), § 56.02(b) (Vernon 2002); In re K.C.A., 36 S.W.3d 501, 502-03 (Tex.2000) (per curiam).
It cannot be determined at this juncture whether A.G. and his parent are presently indigent. Therefore, we will abate this appeal pending a hearing in the trial court to determine whether A.G. and his parent are indigent.
If the trial court finds that they are indigent, the court shall appoint counsel to represent A.G. See TEX. FAM.CODE ANN. § 56.01(d)(3). If the trial court determines that they are not indigent, the court shall advise them: (1) they may have the trial court's indigence ruling reviewed by filing a motion with this Court; see K.C.A., 36 S.W.3d at 502; In re Arroyo, 988 S.W.2d 737, 738-39 (Tex.1998) (per curiam) (orig.proceeding); (2) A.G. may pursue the appeal without the assistance of counsel "through a parent, legal guardian, next friend, or guardian ad litem"; see D.A.S., 973 S.W.2d at 299; see also TEX. FAM.CODE ANN. § 51.11 (Vernon 2002), § 151.001(a)(7) (Vernon Supp.2005); (3) they may retain other counsel to represent A.G. on appeal; and (4) they must, within fourteen days after the date of the hearing, notify the Clerk of this Court in writing of which of these options they intend to pursue.
The trial court shall, within thirty days after the date of this Order: (1) conduct the hearing; (2) cause a court reporter to make a record of the hearing; (3) make appropriate orders and findings of fact and conclusions of law; and (4) deliver any orders and findings of fact and conclusions of law to the trial court clerk.
If the trial court determines that A.G. and his parents are indigent, then the clerk's record (including any orders and findings prepared in connection with the indigence hearing) and the reporter's record (including a transcription of the indigence hearing) shall be filed within fifty days after the date of this Order.
Chief Justice GRAY would deny the motion to withdraw and order counsel to file a brief. Accordingly, without a separate opinion, Chief Justice GRAY dissents to this abatement order.
NOTES
[1] Neither A.G. nor his parent has filed an objection or response to counsel's motion to withdraw.