IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00200-CR

 

Terry Ray James,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the County Court

Navarro County, Texas

Trial Court No. 57281

 



ABATEMENT ORDER



 








          In a de novo appeal from justice court,
a jury convicted Terry Ray James of making an unsafe lane change and imposed a
$125 fine.  James perfected this appeal pro se and filed an indigence
motion and supporting affidavit under Rule of Appellate Procedure 20.2, seeking
to have the appellate record furnished without charge.  The trial court signed
an order finding that James is not indigent without holding a hearing on the
matter.  James is appealing both his conviction and the indigence ruling.  See
 Duncan v. State, 158 S.W.3d 606, 606-07 (Tex. App.—Waco 2005, order) (per
curiam).

          James’s fine was imposed on April 25,
2006.  He filed his notice of appeal on May 18.  Contemporaneously with the
notice of appeal, James filed a Motion to Proceed in Forma Pauperis,
accompanied by an Affidavit of Inability to Give Costs on Appeal.  The court
signed an order on May 22 stating:

          On this date, after examining the
foregoing information, the Court finds that the defendant is not indigent and
that no attorney should be appointed, and the Court further finds that the defendant
is not indigent and Motion to Proceed in Forma Pauperis is denied.

 

          James contends that the court abused
its discretion by finding him indigent without first holding a hearing.  Rule
20.2 provides in pertinent part that the appellate record must be furnished to
an appellant without charge, “[i]f after hearing the motion the court
finds that the appellant cannot pay or give security for the appellate record.” 
Tex. R. App. P. 20.2 (emphasis
added).  As the Court of Criminal Appeals has said, “the free record rule does
not offer the option of ruling upon the motion itself.”  Whitehead v. State,
130 S.W.3d 866, 874 (Tex. Crim. App. 2004).  “To obtain a free record, the
defendant must exercise due diligence in asserting his indigence and must
sustain his allegations at the hearing.”  Id. at 876.

          Here, it is undisputed that the court
did not hold a hearing on James’s indigence claim.  The State concedes in its
brief that this was error.  Accordingly, we hold that the court abused its
discretion by denying James’s indigence claim without a hearing.  Therefore, we
will abate this cause to the trial court for a hearing to determine the merits
of James’s indigence claim.

The trial court shall, within thirty days after
the date of this Order: (1) conduct the hearing; (2) cause a court reporter to
make a record of the hearing; (3) make appropriate orders and findings of fact
and conclusions of law; and (4) deliver any orders and findings of fact and
conclusions of law to the trial court clerk.

 

If the trial court determines that James is
indigent, then the clerk’s record[1]
(including any orders and findings prepared in connection with the indigence
hearing) and the reporter’s record, including a transcription of the trial (if
any was made) and of the indigence hearing, shall be filed within sixty days
after the date of this Order.  See In re A.G., 195 S.W.3d 886, 887 (Tex.
App.—Waco 2006, order) (per curiam).

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Order issued and filed
November 29, 2006

Do not publish

[CR25]

 

          









[1]
          A limited clerk’s record has
already been filed containing items pertinent to James’s indigence claim.  The
items contained in this limited clerk’s record need not be included in the
clerk’s record required by this Order.