IN THE

TENTH COURT OF APPEALS


 
 
  
 
 
 
 
  
 
 
 
 
 


 




No. 10-07-00231-CV

 

In the
matter of F.L.R.

 

 

 




From the County Court at Law No.
2

Johnson
 County, Texas

Trial Court No. JO-4422

 



ABATEMENT
ORDER



 

 

           
Before the Court is F.L.R.’s unopposed motion to
abate the appeal to the trial court for an indigence hearing.  We will
grant the requested relief.

           
According to the motion, F.L.R.’s parents retained counsel Ruben Gonzalez to represent their son at
trial.  After a jury found that F.L.R. had engaged in delinquent conduct,
Gonzalez agreed to represent him on appeal without advance payment,
understanding that F.L.R.’s parents would raise the
funds necessary to pay his fee for appellate representation.  However,
according to affidavits tendered by the parents, F.L.R.’s
father recently lost his job, and they are unable to pay Gonzalez’s fee or the
fees for the preparation of the clerk’s and reporter’s records.

A juvenile has a statutory right to counsel on
appeal.  Tex. Fam. Code Ann.
§ 56.01(d)(2) (Vernon 2002); In re A.G., 195
S.W.3d 886, 887 (Tex. App.—Waco 2006, order, no pet.) (per
curiam); see also In re D.A.S., 973 S.W.2d 296, 298 (Tex. 1998) (orig. proceeding).  
If the juvenile and his parents are indigent, the juvenile is entitled to (1)
court-appointed counsel on appeal; and (2) preparation of the clerk’s and
reporter’s records without charge.  See
Tex. Fam. Code Ann. § 56.01(d)(3), (m), § 56.02(b) (Vernon 2002); In re K.C.A., 36
S.W.3d 501, 502-03 (Tex.
2000) (per curiam); A.G., 195 S.W.3d at 887.  Therefore, we will
abate this appeal for a hearing in the trial court to determine whether F.L.R.
and his parents are indigent.  See A.G., 195
S.W.3d at 887.

If the trial court finds that they are indigent,
the court shall appoint counsel to represent F.L.R.  See Tex. Fam. Code Ann. § 56.01(d)(3).  If the trial court determines that they are not
indigent, the court shall advise them: (1) they may have the trial court’s
indigence ruling reviewed by filing a motion with this Court; see K.C.A.,
36 S.W.3d at 502; In re Arroyo, 988 S.W.2d 737, 738-39 (Tex. 1998) (per
curiam) (orig. proceeding); (2) F.L.R. may pursue the appeal of his juvenile
delinquency adjudication without the assistance of counsel through his parents;
see D.A.S., 973 S.W.2d at 299; see also Tex. Fam. Code Ann. § 51.11 (Vernon 2002), § 151.001(a)(7)
(Vernon Supp. 2007); (3) they may make payment arrangements with Gonzalez or
retain other counsel to represent F.L.R. on appeal; and (4) they must, within
fourteen days after the date of the hearing, notify the Clerk of this Court in
writing of which of these options they intend to pursue.  See A.G.,
195 S.W.3d at 887.

The trial court shall, within thirty days after
the date of this Order: (1) conduct the hearing; (2) cause a court reporter to
make a record of the hearing; (3) make appropriate orders and findings of fact
and conclusions of law; and (4) deliver any orders and findings of fact and
conclusions of law to the trial court clerk.

           
If the trial court determines that F.L.R. and his parents are indigent, then
the clerk’s record (including any orders and findings prepared in connection
with the indigence hearing) and the reporter’s record (including a
transcription of the indigence hearing) shall be filed within fifty days after
the date of this Order.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal abated

Order issued and filed February
27, 2008

[CV06]