

NUMBER 13-13-00353-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE MATTER OF J. M. S. M., A CHILD

**On appeal from the 357th District Court of
of Cameron County, Texas.**

# ORDER ABATING APPEAL

**Before Justices Rodriguez, Garza, and Perkes
Order Per Curiam**

This cause is before the Court on appellant's counsel's failure to file the brief by January 2, 2014. The brief was originally due on November 1, 2013, and this Court granted counsel's motion for extension of time and directed counsel to file the brief on or before January 2, 2014. On January 14, 2014, the Clerk of the Court notified appellant's counsel that the brief had not been filed and requested a response concerning the failure

to file the brief within ten days. Counsel has nevertheless failed to file either a response or an appellate brief in this matter.

According to section 56.01(b) of the Texas Family Code, "the requirements governing [a juvenile] appeal are as in civil cases generally." TEX. FAM. CODE ANN. § 56.01(b) (Vernon 2002). Rule of Appellate Procedure 38.8(a)(1) provides that an appellate court may dismiss a civil appeal for want of prosecution if the appellant's brief is untimely and the appellant fails to provide a reasonable explanation. However, we decline to follow Rule 38.8(a)(1) because of the liberty interest at stake in a juvenile delinquency appeal. *See* TEX. R. APP. P. 38.8(a)(2) (when appellant's brief is late, appellate court may "decline to dismiss the appeal and give further direction to the case as it considers proper"); *see also In re T.V.*, 8 S.W.3d 448, 449-50 (Tex. App.--Waco 1999, order) (per curiam) (abating rather than dismissing appeal involving termination of parental rights when appellant's brief was overdue).

We have a duty to ensure that appellant's rights are protected, particularly given that a juvenile is entitled to effective assistance of counsel. *See In re M.A.D.*, 167 S.W.3d 938, 939 (Tex. App.--Waco 2005, order); *In re K.J.O.*, 27 S.W.3d 340, 342 (Tex. App.BDallas 2000, pet. denied). Accordingly, we ABATE and REMAND this matter for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following: (1) whether appellant desires to prosecute this appeal; (2) why appellant's counsel has failed to file a brief and whether counsel has effectively abandoned the appeal; (3) whether appellant

has been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; and (5) whether appellant is indigent and entitled to court-appointed counsel.

If the trial court determines that appellant does want to continue the appeal, that present counsel should be removed, and that appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent appellant in this appeal.   If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record.   Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared.   The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ORDERED.

PER CURIAM

Delivered and filed the
20th day of February, 2014.