COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      In the Matter of K.J., a child

Appellate case number:    01-13-01063-CV

Trial court case number:  2012-05710J

Trial court:              313th District Court of Harris County

Appellant, K.J., has filed a notice of appeal from the trial court's November 1, 2013 judgment, which found that K.J. had engaged in delinquent conduct by committing theft. A clerk's record has not been filed in this case. In appellant's notice of appeal, appellant claims that he and his parents are indigent and unable to pay costs. *See* TEX. FAM. CODE ANN. §§ 56.01(m) (West Supp. 2013); *In re K.C.A.*, 36 S.W.3d 501, 502 (Tex. 2000) ("[I]n determining whether a juvenile is indigent, the court may consider the assets and income of the child and the child's parent(s)."). Appellant requests that he be appointed counsel for appeal and that he be furnished a copy of the appellate record without payment. Although appellant's notice of appeal was filed by his trial attorney Paul St. John, it is unclear whether Paul St. John was retained or appointed counsel.

Like criminal defendants, juveniles have a constitutional right to appointed counsel during the delinquency determination. *See In re D.A.S.*, 973 S.W.2d 296, 298 (Tex. 1998). Further, the Legislature has mandated that juveniles receive assistance of counsel on appeal. *See* TEX. FAM. CODE ANN. §§ 51.10(a)(8) (West 2008); TEX. FAM. CODE. ANN. § 56.01(d)(2), (f). If a juvenile and his parents or guardians are indigent, the juvenile is entitled to court-appointed counsel and to preparation of the clerk's and reporter's records without charge. *See* TEX. FAM. CODE. ANN. §§ 51.10(f)(2), 56.01(d)(3), (m); TEX. FAM. CODE ANN. § 56.02(b) (West 2008); *In re A.G.*, 195 S.W.3d 886, 887 (Tex. App.—Waco 2006, order); *see also* TEX. FAM. CODE ANN. § 51.10(g) ("The juvenile court may appoint an attorney in any case in which it deems representation necessary to protect the interests of the child.").

Accordingly, we abate the appeal and remand to the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's trial counsel, Paul St. John, shall be present. At the trial court's discretion, appellant may be

present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:

(1) determine whether appellant wishes to prosecute the appeal;

(2) if appellant does wish to prosecute the appeal, determine whether appellant and his parents are indigent;

(3) if appellant and his parents are indigent,
    a. appoint counsel on appeal at no expense to appellant;
    b. order the district clerk to file the clerk's record with this Court at no cost to appellant;

(4) if appellant and his parents are not indigent,
    a. determine whether it is necessary for the court to appoint counsel in order to "protect the interests" of appellant;
    b. if not, determine whether appellant or his parents have retained an attorney to represent appellant on appeal, and, if so, obtain the name, address, and telephone number of retained counsel;
    c. if appellant or his parents have not retained counsel, determine whether it is necessary to order appellant or appellant's parents to hire an attorney to represent appellant on appeal and set a deadline by which an attorney must be hired;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

It is so ORDERED.

Judge's signature: /s/ <u>Justice Laura C. Higley</u>

☒  Acting individually     □  Acting for the Court

Date:  March 13, 2014