

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

## No. 07-19-00046-CV

———————————————

### IN THE MATTER OF X.M.

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2013-764,893; Honorable William R. Eichman II, Presiding

June 25, 2019

## ABATEMENT AND REMAND

### Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, X.M.,[1] appeals from the trial court's judgment finding that he engaged in delinquent conduct and the court's order committing him to the Texas Juvenile Justice Department for a period of twenty-five years. We remand the cause to the trial court for further proceedings.

---

[1] To protect the privacy of the minor involved, we refer to him by his initials. *See* TEX. R. APP. P. 9.8(c).

Appellant's brief was originally due April 10, 2019. We granted appellant's counsel, Mr. Charles Blevins, an extension to June 3 to file a brief. By letter of June 10, we notified Appellant's counsel that the brief was overdue and directed him to file a brief by June 20. To date, counsel has not filed a brief or made any response to the court's letter.

A juvenile in a delinquency case is entitled to representation by counsel at every stage of the proceedings, including appeal. TEX. FAM. CODE ANN. §§ 51.10; 56.01(d) (West Supp. 2018). This right to representation includes the right to *effective* assistance of counsel. *In re K.J.O.*, 27 S.W.3d 340, 342 (Tex. App.—Dallas 2000, pet. denied) (*citing Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). A juvenile is guaranteed the same constitutional right to effective assistance of counsel which he would have as an adult in a criminal proceeding. *Id.*

Because Appellant's counsel has not filed an appellate brief, we deem it appropriate to abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(a)(2); *In re M.A.D.*, 167 S.W.3d 938, 939 (Tex. App.—Waco 2005, order) (per curiam) (remanding juvenile delinquency case for appointment of new counsel where appellant's counsel failed to timely file an appellate brief). Upon remand, the trial court shall determine why counsel has failed to file Appellant's brief and take such action as is necessary to ensure that the brief is filed in accordance with this opinion.

Should counsel file Appellant's brief on or before July 8, 2019, he is directed to immediately notify the trial court, in writing, of the filing, whereupon the trial court shall <u>not</u>

be required to take further action. If, however, the brief is not filed by that date, the trial court is directed to conduct a hearing on or before July 29, 2019, to determine the following:

1. whether Appellant still desires to prosecute the appeal;

2. whether Appellant's present counsel has abandoned the appeal entitling Appellant to new counsel; and

3. whether Appellant is indigent and entitled to the appointment of counsel. [2]

Should it be determined that Appellant wants to continue the appeal, is indigent, and entitled to appointed counsel, the name, address, email address, telephone number, and State Bar of Texas identification number of any new counsel shall be provided to the clerk of this court. The trial court shall execute findings of fact and conclusions of law and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the clerk of this court by August 12, 2019. New counsel, if any, shall file Appellant's brief thirty days after the date of engagement or appointment; however, should Mr. Blevins be allowed to remain as counsel, he is hereby ordered to file Appellant's brief instanter.

It is so ordered.

Per Curiam

Do not publish.

---

[2] Effective assistance cannot be afforded without requiring that counsel file a brief on an appellant's behalf. *See Guillory v. State*, 557 S.W.2d 118, 121 (Tex. Crim. App. 1977).