

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00318-CV

———————————————————

IN THE MATTER OF B.T.

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-120652-23

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

B.T. appeals from a juvenile-court order transferring him to the Institutional Division of the Texas Department of Criminal Justice (TDCJ) to complete the remainder of his determinate sentence. We affirm.

In May 2023, according to an agreement with the State, B.T. judicially confessed to engaging in delinquent conduct by acting as a party to a murder; the trial court found him delinquent and sentenced him to the agreed eighteen-year determinate sentence. *See* Tex. Penal Code Ann. §§ 7.02(a)(2), 19.02(b)(1); *see also* Tex. Fam. Code Ann. § 53.045(a)(1) (providing that a murder offense is eligible for determinate sentencing).

On May 9, 2025, the Texas Juvenile Justice Department (TJJD) requested by letter that the trial court decide whether to transfer B.T. to TDCJ because he would not be able to complete his statutory minimum three-year period of confinement before his nineteenth birthday. *See* Tex. Hum. Res. Code Ann. § 245.051(c)(2); *see also* Tex. Fam. Code Ann. §§ 54.04(d)(3), 54.11. After a June 25, 2025 hearing—within the sixty-day period after the date shown on TJJD's letter—the trial court ordered B.T. transferred to TDCJ to serve the remainder of his sentence. *See* Tex. Fam. Code Ann. § 54.11(h).

B.T.'s court-appointed appellate counsel has filed a motion to withdraw and a brief in which he asserts that he has concluded, after thoroughly examining the record in this case, that it "presents no issues of arguable merit upon direct appeal."

2

Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (applying *Anders* procedure to juvenile proceedings). Counsel also (1) provided B.T. with a copy of the brief, accompanying motion to withdraw, and a pro se motion to access the record, and (2) informed B.T. of his rights to review the record, to file a pro se response to the *Anders* brief, and to file a petition for review with the Texas Supreme Court should we affirm the trial court's judgment. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

B.T. did not file a pro se response in this court. The State declined to file a brief but indicated in a letter that it agreed with B.T.'s counsel that B.T. "has no meritorious grounds upon which to advance an appeal in this case."

Because B.T.'s counsel filed an *Anders* brief, we must independently examine the record to decide whether counsel correctly concluded that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). After carefully reviewing the record and counsel's brief, we find nothing in the record, but for the modifiable court costs discussed below, that might arguably support the appeal. Thus, we agree with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Regarding the court costs assessed, (1) the clerk's record contains a bill of costs for $148 and (2) the supplemental clerk's record contains a bill of costs for $31; these costs are for preparation of the clerk's records for appeal, certification-and-seal fees, and "District Clerk's Fees." The transfer order did not assess costs, the trial court appointed counsel for B.T. at trial and on appeal,[1] B.T.'s docketing statement indicates that he is indigent, and the reporter's record was filed without prepayment. *See* Tex. Fam. Code Ann. §§ 51.10(f), 56.02. Nothing in the record shows that B.T. has ceased to be indigent. *See generally In re K.C.A.*, 36 S.W.3d 501 (Tex. 2000). Accordingly, we delete a total of $179—all the fees assessed by the trial-court clerk in this appeal—from the two bills of costs. *See In re C.J.*, No. 02-24-00070-CV, 2024 WL 3978048, at *1–2 (Tex. App.—Fort Worth Aug. 29, 2024, no pet.) (per curiam) (mem. op.).

We affirm the trial court's judgment and grant counsel's motion to withdraw. If B.T. wishes to seek further review of this case, he must either file a pro se petition for review in the Texas Supreme Court or retain an attorney to file a petition for review in the Texas Supreme Court. *See In re D.J.*, No. 02-20-00386-CV, 2021 WL 2586610, at *1 (Tex. App.—Fort Worth June 24, 2021, no pet.) (mem. op.); *see also* Tex. R. App. P. 53.2 (listing required contents of petition for review), 53.7(a) (providing that petition for review must be filed 45 days after the date of this court's judgment or—if a timely

---

[1]At the beginning of the transfer hearing, the trial court informed B.T. that it would appoint an attorney for him to appeal if he could not afford one. *See* Tex. Fam. Code Ann. § 56.01(d)–(f).

motion for rehearing or a timely motion for en banc reconsideration is filed in this court—within 45 days of this court's last ruling on such motions).

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: January 30, 2026