

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00259-CV

———————————————————

IN THE MATTER OF A.W.

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-122055-23

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

Appellant A.W. appeals from a juvenile-court order transferring him to the Institutional Division of the Texas Department of Criminal Justice (TDCJ) to complete the remainder of his determinate sentence. We affirm.

In November 2023, according to an agreement with the State, A.W. judicially confessed to engaging in delinquent conduct by committing murder; the trial court found him delinquent and sentenced him to the agreed twenty-year determinate sentence. *See* Tex. Penal Code Ann. § 19.02(b)(1); *see also* Tex. Fam. Code Ann. § 53.045(a)(1) (providing that a murder offense is eligible for determinate sentencing).

On March 5, 2025, the Texas Juvenile Justice Department (TJJD) requested by letter that the trial court decide whether to transfer A.W. to TDCJ because his conduct at TJJD "indicate[d] that the welfare of the community require[d] the transfer." *See* Tex. Hum. Res. Code Ann. § 244.014(a); *see also* Tex. Fam. Code Ann. §§ 54.04(d)(3), 54.11. After a May 14, 2025 hearing,[1] the trial court ordered A.W. transferred to TDCJ to serve the remainder of his sentence.

A.W.'s court-appointed appellate counsel has filed a motion to withdraw and a brief in which he asserts that, after thoroughly examining the record, he "does not believe that there are legally non-frivolous issues constituting reversible error in this

---

[1] The District Clerk's file stamp on TJJD's letter is April 24, 2025. *See* Tex. Fam. Code Ann. § 54.11(h) (requiring transfer hearing to be held "not later than the 60th day after the date the court *receives* the referral" (emphasis added)).

appeal." Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (applying *Anders* procedure to juvenile proceedings). Counsel also (1) provided A.W. with copies of the brief and accompanying motion to withdraw and a form pro se motion to access the appellate record and (2) informed A.W. of his rights to review the record, to file a pro se response to the *Anders* brief, and to file a petition for review with the Texas Supreme Court should we affirm the order. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

A.W. filed a pro se response indicating only that he wishes to continue this appeal. The State declined to file a brief but indicated in a letter that it agreed that A.W. "has no meritorious grounds upon which to advance an appeal in this case."

Because A.W's counsel filed an *Anders* brief, we must independently examine the record to decide whether counsel correctly concluded that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). After carefully reviewing the record, counsel's brief and A.W.'s pro se response, we find nothing in the record, but for the modifiable court costs discussed below, that might arguably support the appeal. Thus, we agree with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Regarding the court costs assessed, (1) the clerk's record contains a bill of costs for $123, and (2) the supplemental clerk's record contains a bill of costs for $23; these costs are for preparation of the clerk's records for appeal, certification-and-seal fees, and "District Clerk's Fees." But the transfer order did not assess costs; A.W.'s mother had filed an uncontested affidavit of indigency in the trial court; and the trial court found that A.W. could not afford an attorney and appointed him one. *See* Tex. Fam. Code Ann. § 51.10(f); Tex. R. Civ. P. 145(a). Nothing in the record shows that A.W. has ceased to be indigent. *See generally In re K.C.A.*, 36 S.W.3d 501 (Tex. 2000).

"For a party who files an affidavit of inability to pay costs, there are no costs to bill . . . ." *Campbell v. Wilder*, 487 S.W.3d 146, 151 (Tex. 2016) (explaining that, under Rule 145, the affidavit is in lieu of paying or giving security for costs and that an uncontested affidavit of inability to pay is conclusive as a matter of law). Accordingly, we delete a total of $146—all the fees assessed by the trial-court clerk in this appeal— from the two bills of costs. *See In re C.J.*, No. 02-24-00070-CV, 2024 WL 3978048, at *1–2 (Tex. App.—Fort Worth Aug. 29, 2024, no pet.) (per curiam) (mem. op.).

We affirm the trial court's order and grant counsel's motion to withdraw. If A.W. wishes to seek further review of this case, he must either file a pro se petition for review in the Texas Supreme Court or retain an attorney to file a petition for review in the Texas Supreme Court. *See In re D.J.*, No. 02-20-00386-CV, 2021 WL 2586610, at *1 (Tex. App.—Fort Worth June 24, 2021, no pet.) (mem. op.); *see also* Tex. R. App. P. 53.2 (listing required contents of petition for review), 53.7(a)

4

(providing that petition for review must be filed 45 days after the date of this court's judgment or—if a timely motion for rehearing or a timely motion for en banc reconsideration is filed in this court—within 45 days of this court's last ruling on such motions).

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  February 26, 2026